```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re EXTENDED STAY, INC., et al.,      :   MEMORANDUM
                                        :   OPINION AND ORDER
              Debtors.                  :   Chapter 11 Case No.
                                        :   09-13764 (JMP)
------------------------------------X
WALKER, TRUESDELL, ROTH &               :
ASSOCIATES, as Trustee for and on behalf of :
the Extended Stay Litigation Trust, HOBART :
TRUESDELL, as Trustee for and on behalf of :
the Extended Stay Litigation Trust, and THE :
EXTENDED STAY LITIGATION TRUST,         :
                                        :
              Plaintiffs,               :   11 Civ. 7782 (SAS)
                                        :   Adv. Pro. No. 11-2398
     - against -                        :
                                        :
THE BLACKSTONE GROUP, L.P.,             :
BLACKSTONE HOLDINGS I L.P.,             :
BLACKSTONE HOLDINGS II L.P.,            :
BLACKSTONE HOLDINGS III L.P.,           :
BLACKSTONE HOLDINGS IV L.P.,            :
BLACKSTONE HOLDINGS V L.P.,             :
BLACKSTONE HOLDINGS I/II GP, INC.,      :
BLACKSTONE HOLDINGS III GP L.L.C.,      :
BLACKSTONE HOLDINGS IV GP L.P.,         :
BLACKSTONE HOLDINGS V GP L.P.,          :
BLACKSTONE REAL ESTATE PARTNERS         :
IV L.P., BLACKSTONE CAPITAL             :
PARTNERS IV L.P., BHAC IV, LLC, BRE/HV  :
HOLDINGS LLC, BLACKSTONE                :
HOSPITALITY ACQUISITIONS, LLC,          :
PRIME HOSPITALITY, LLC, DL-DW           :
HOLDINGS, LLC, LIGHTSTONE HOLDINGS:
LLC, THE LIGHTSTONE GROUP, LLC,         :
PGRT ESH INC., LIGHTSTONE               :
```



| | |
|---|---|
| COMMERCIAL MANAGEMENT, ARBOR ESH II, LLC, ARBOR COMMERCIAL MORTGAGE, LLC, PRINCETON ESH LLC, ATMAR ASSOCIATES, LLC, GLIDA ONE LLC, RON INVEST LLC, POLAR EXTENDED STAY (USA) L.P., BHAC CAPITAL IV, LLC, BRE/ESH HOLDINGS, LLC, ABT-ESI LLC, MERICASH FUNDING LLC, PARK AVENUE FUNDING LLC, BANK OF AMERICA, N.A., CITIGROUP GLOBAL MARKETS INC., EBURY FINANCE LIMITED, BANC OF AMERICA SECURITIES LLC, DAVID LICHTENSTEIN, BRUNO DE VINCK, PEYTON "CHIP" OWEN, JR., GUY R. MILONE, JR., JOSEPH CHETRIT, JOSESPH TEICHMAN, JOSEPH MARTELLO, F. JOSEPH ROGERS, DAVID KIM, GARY DELAPP, JONATHAN D. GRAY, WILLIAM STEIN, MICHAEL CHAE, ROBERT L. FRIEDMAN, THOMAS BURDI, GARY SUMERS, DENNIS J. MCDONAUGH, ALAN MIYASAKI, and JOHN DOES 1 through 100, inclusive, | : : : : : : : : : : : : : : : : : : : : : : |
| Defendants. | : |

------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

Plaintiffs, Walker, Truesdell, Roth & Associates and Hobart Truesdell, as Trustees for and on behalf of the Extended Stay Litigation Trust (the "Trust"), and the Trust bring this appeal of the September 19, 2011 Order (the "Order") issued by Judge James M. Peck of the United States Bankruptcy Court for

the Southern District of New York (the "Bankruptcy Court") denying plaintiffs' motion for abstention and remand of this adversary proceeding, which was originally commenced in New York state court. For the reasons set forth below, this appeal is dismissed for lack of jurisdiction.

## II. BACKGROUND

> Extended Stay, Inc. and affiliated entities (the "Debtors" or "Extended Stay") owned the leading mid-priced extended-stay hotel business in the U.S., with 684 hotels located in 44 states. On April 12, 2007, Lightstone Holdings LLC and affiliated entities offered to purchase the Debtors in a leveraged buyout ("LBO") for eight billion dollars, comprised of $7.4 billion of debt, four-hundred million dollars of cash, and two-hundred million dollars of rollover equity. Before the LBO, the Debtors' business was encumbered by secured debt totaling approximately $3.3 billion and mezzanine debt totaling approximately $1.9 billion. The LBO closed on June 11, 2007.
>
> A little over two years later, on June 15, 2009, the Debtors filed for chapter 11 bankruptcy protection. In July 2010, the bankruptcy court confirmed the Extended Stay Plan of Reorganization (the "Plan"). The Confirmation Order created the Trust to bring claims on behalf of the Debtors. The bankruptcy court retained jurisdiction over any matters . . . arising in or related to the Chapter 11 Cases of the Plan, including any claims by the Trustee to recover assets for the benefit of the Debtors' estates.[1]
>
> On June 14, 2011, plaintiffs filed a Complaint in the Supreme Court

---

[1] *In re Extended Stay, Inc.*, No. 11 Civ. 5394, 2011 WL 5532258, at *1 (S.D.N.Y. Nov. 10, 2011) (quotations and citations omitted).

of the State of New York, County of New York (the "State Court Complaint"),[2] which the Blackstone Defendants[3] removed to federal court based on sections 1334 and 1452 of Title 28 of the United States Code[4] on July 1, 2011. This action was referred to the bankruptcy court on July 12, 2011.[5] The State Court Complaint asserts state law causes of action for breaches of fiduciary duty, corporate waste, aiding and abetting breaches of fiduciary duty, unjust enrichment, and illegal dividends and other distributions. The defendants are (1) former directors, officers or other persons controlling the Debtors immediately prior to the LBO; (2) former directors, officers or other persons controlling the Debtors after the LBO closed;

---

[2] *See Walker, Truesdell, Roth & Assoc. v. Blackstone Group, L.P.*, Index No. 651667/2011 (Sup. Ct. N.Y. Co.).

[3] The Blackstone Defendants consist of the Blackstone Group, L.P., Blackstone Holding I L.P., Blackstone Holding II L.P., Blackstone Holding III L.P., Blackstone Holding IV L.P., Blackstone Holding V L.P., Blackstone Holdings III GP L.L.C., Blackstone Holdings IV GP L.P., Blackstone Capital Partners IV L.P., Blackstone Hospitality Acquisitions, LLC, and Blackstone Holdings V GP L.P.

[4] *See* 28 U.S.C. § 1334(b) ("[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."); *id.* § 1452 ("A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.").

[5] *See Walker, Truesdell, Roth & Assoc. v. Blackstone Group, L.P. (In re Extended Stay, Inc.)*, Adv. Pro. No. 11-2398 (Bankr. S.D.N.Y.).

and (3) certain advisors involved in consummating the LBO.

On July 29, 2011, plaintiffs moved to remand this action to the Supreme Court of the State of New York on three distinct bases – mandatory abstention,[6] permissive abstention,[7] and equitable remand.[8] The Bankruptcy Court orally denied the motion at a September 8, 2011 hearing and issued a written order denying the motion on September 19, 2011. Plaintiffs now appeal that ruling.

## III. LEGAL STANDARD

A district court functions as an appellate court in reviewing judgments rendered by bankruptcy courts.[9] Findings of fact are reviewed for clear error[10] whereas findings that involve questions of law, or mixed questions of fact and law, are reviewed de novo.[11]

---

[6] *See* 28 U.S.C. § 1334(c)(2).

[7] *See id.* § 1334(c)(1).

[8] *See id.* § 1452(b).

[9] *See In re Sanshoe Worldwide Corp.*, 993 F.2d 300, 305 (2d Cir. 1993).

[10] *See* Fed. R. Bankr. P. 8013 ("Findings of fact . . . shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."). *Accord In re Cody, Inc.*, 338 F.3d 89, 94 (2d Cir. 2003).

[11] *See In re Adelphia Commc'ns Corp.*, 298 B.R. 49, 52 (S.D.N.Y. 2003) (citing *In re United States Lines, Inc.*, 197 F.3d 631, 640-41 (2d Cir. 1999)).

## IV. APPLICABLE LAW

A district court has appellate jurisdiction over "final judgments, orders, and decrees" of bankruptcy courts.[12] Under the collateral order doctrine, an order is treated as "final" if it "'conclusively determine[s] a disputed question that is completely separate from the merits of the action, effectively unreviewable on appeal from a final judgment, and too important to be denied review.'"[13]

A district court may also grant discretionary leave to appeal an interlocutory order.[14] Leave to appeal an interlocutory order is granted only "in exceptional circumstances."[15] Leave is appropriate where the interlocutory order "1) involves a controlling question of law 2) as to which there is substantial ground for difference of opinion, and 3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[16]

## V. DISCUSSION

### A. Final Order

---

[12] 28 U.S.C. § 158(a)(1); *see also* Fed. R. Bank. P. 8001(a).

[13] *Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 442 (2d Cir. 2005) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996)).

[14] *See* 28 U.S.C. § 158(a)(3).

[15] *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. M 47, 2010 WL 185102, at *1 (S.D.N.Y. Jan. 11, 2010).

[16] *Id.* (citing 28 U.S.C. § 1292(b)).

The Order is not a final order under section 158(a)(1). A bankruptcy court order must "dispose of discrete disputes within the larger case" to be final.[17] In other words, the order must resolve "at least an entire claim for which relief may be granted" and "the determination of a seperable issue" is insufficient.[18] Although the Trustee cites one unpublished district court decision holding that an abstention order is a final order,[19] the rule promulgated by the Second Circuit three years later frames the inquiry as to whether "an entire claim for . . . relief" has been resolved. Because the abstention order does not resolve an entire claim, it is not final under section 158(a).[20]

### B. Collateral Order Doctrine

The Order is also unreviewable under the collateral order doctrine. The Second Circuit has noted that, in contrast to a decision granting abstention, "under ordinary circumstances, a *refusal* to abstain would be reviewable on appeal from a final judgment, making the collateral order exception inapplicable."[21] This

---

[17] *In re Flor*, 79 F.3d 281, 283 (2d Cir. 1996).

[18] *Id.*

[19] *See Fischer v. 47th St. Photo, Inc.*, No. 92 Civ. 5695, 1993 WL 126518, at *2 (S.D.N.Y. Apr. 22, 1993).

[20] *See Beightol v. UBS Painewebber, Inc.*, 354 F.3d 187, 189 (2d Cir. 2004) (holding that an "order declining to abstain [i]s not a final decision").

[21] *Mt. McKinley*, 399 F.3d at 443.

case does not depart from "ordinary circumstances." The complex and unusual procedural posture in *Mt. McKinley* illustrates the circumstances under which a refusal to abstain is unreviewable on appeal from a final judgment – circumstances not present here. The holding in *Mt. McKinley*, in short, was based on a finding that the district court's abstention decision would not be reviewable after a final judgement was entered because "on appeal, we would review only whether the Southern District ultimately made the correct judgment on claim preclusion and not whether it correctly abstained as an initial matter."[22]

The Trustee here has made no showing that this case is any different from the "ordinary circumstances" under which a refusal to abstain is not immediately reviewable. Contrary to the Trustee's claim that the Order "conclusively determine[s] which forum will decide the merits of [the] dispute,"[23] this determination could be reviewed upon an appeal of the final judgment, unlike in *Mt. McKinley*. Although it might be inefficient to proceed in Bankruptcy Court if it is ultimately determined that the action belonged in state court, the Second Circuit has recognized that "refusal to accelerate review may force a would-be appellant to litigate in an improper forum and later render an entire proceeding

---

[22]   *Id.* at 444.

[23]   *Id.*

nugatory" and that such "dangers . . . are not of the sort upon which [the collateral order rule] is founded."[24]

### C. Leave to Appeal Interlocutory Order

Finally, I consider whether to grant leave to file an interlocutory appeal under section 158(a)(3). Although there may be controlling questions of law here as to which there are substantial grounds for disagreement, I find that an immediate appeal would not advance the termination of this litigation to the degree that it presents an "exceptional circumstance[]"[25] justifying leave to appeal an interlocutory order. The Trustee claims that an appeal of the Order would "put[] to rest substantial constitutional and statutory issues that no doubt will be raised by the defendants once they receive an adverse judgment."[26] However, as I have previously noted, resolution of any issues raised by *Stern v. Marshal* will merely affect the standard of review given to the Bankruptcy Court's determination.[27] At most, the resolution of this appeal would finally determine whether this action proceeds in the Bankruptcy Court or New York state court. If that were a

---

[24] *RRI Realty Corp. v. Incorporated Vill. Of Southhampton*, 766 F.2d 63, 65 (2d Cir. 1985).

[25] *Securities Investor Prot. Corp.*, 2010 WL 185102, at *1.

[26] Appellants' Reply Brief at 6.

[27] *See In re Extended Stay*, 2011 WL 5532258, at *9.

sufficient concern to grant leave to appeal an interlocutory order, then *every* decision not to abstain and remand would be immediately appealable. The Second Circuit has stated otherwise.[28] Accordingly, I decline to grant leave to the Trustee to appeal an interlocutory order.

## VI. CONCLUSION

For the foregoing reasons, the Trustee's appeal is dismissed for lack of jurisdiction. The Clerk of the Court is directed to close this appeal.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         February 14, 2012

---

[28] *See RRI Realty Corp.*, 766 F.2d at 65.

- **Appearances** -

**For Plaintiffs:**

Marc Dennis Powers, Esq.
Matthew R. Goldman, Esq.
Benjamin David Pergament, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York City, New York 10111
(212) 589-4216/4622

Michael A. VanNiel, Esq.
Alexis C. Osburn, Esq.
Baker & Hostetler LLP
1900 East 9th Street, Suite 3200
Cleveland, Ohio 44114
(216) 621-0200

**For Defendants Blackstone Group, L.P., Blackstone Holding I L.P., Blackstone Holding II L.P., Blackstone Holding III L.P., Blackstone Holding IV L.P., Blackstone Holding V L.P., Blackstone Holdings III GP L.L.C., Blackstone Holdings IV GP L.P., Blackstone Capital Partners IV L.P., Blackstone Hospitality Acquisitions, LLC, and Blackstone Holdings V GP L.P.:**

Paul Basta, Esq.
Kirkland & Ellis LLP (NYC)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

Daniel T. Donovan, Esq.
Kirkland & Ellis LLP
655 15th Street NW, Suite 1200
Washington, DC 20005

(202) 879-5000

**For Defendants Lightstone Holdings, LLC, The Lightstone Group, LLC, Lightstone Commercial Management, DL-DW Holdings, LLC, BHAC Capital IV, LLC, Park Avenue Funding LLC, David Lichtenstein, Bruno De Vinck, Peyton Chip Owen, Jr., and Joseph Teichman:**

Adina Giselle Storch, Esq.
Christopher Paul Johnson, Esq.
Howard W. Schub, Esq.
Robert M. Novick, Esq.
Kasowitz, Benson, Torres & Friedman, LLP (NYC)
1501 Broadway 12th, Floor
New York, New York 10036
(212) 506-1954/1700/1729/1758

**For Defendant PGRT ESH, Inc.:**

Edward Kevin Lenci, Esq.
Hinshaw & Culbertson LLP
780 Third Avenue
New York, New York 10017
(212) 471-6212

**For Defendants Bank of America, N.A., Banc of America Securities LLC, and JPMorgan Chase Bank, N.A., individually and in its capacity as administrator:**

Benjamin S. Kaminetzky, Esq.
Jonathan D. Martin, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4259

**For Defendant Citigroup Global Markets, Inc.:**

Thomas Joseph Hall, Esq.

Chadbourne & Parke LLP (NY)
30 Rockefeller Plaza
New York, New York 10112
(212) 408-5487